[654 NYS2d 155]

In the Matter of JEFFREY KAUFMAN (Admitted as JEFFREY BER-NARD KAUFMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 18, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Jeffrey B. Kaufman,* respondent *pro se.*

OPINION OF THE COURT

Per Curiam.

The respondent was charged with nine allegations of professional misconduct based on a common set of factual allegations. The Special Referee sustained all of the charges. The petitioner has moved to confirm and the respondent has cross-moved to disaffirm the report of the Special Referee.

The underlying factual allegations are as follows:

1. On or about January 30, 1987, Robert Guadagna retained the respondent to sue the Town of Huntington for wrongful discharge of employment and Local 342 of the Long Island Public Service Employees for its failure to arbitrate said discharge.

2. By service of a summons dated February 13, 1987, the respondent commenced a lawsuit on Mr. Guadagna's behalf against the Town of Huntington and Local 342 of the Long Island Public Service Employees.

3. On or about January 4, 1990, the respondent was served with demands for discovery and inspection, pursuant to CPLR article 31, requiring production to the defendant of, *inter alia,* medical reports from all physicians who treated or examined Mr. Guadagna and duly executed authorizations from Mr. Guadagna permitting the defendants to obtain all hospital or other medical records relating to Mr. Guadagna's treatment.

4. The respondent failed to produce the demanded records or authorizations.

5. On or about March 8, 1990 and April 6, 1990, the respondent participated in depositions of Mr. Guadagna pursuant to this action.

6. On or about November 2, 1990, at a pretrial conference before Justice Alfred M. Lama, Supreme Court, Suffolk County, the respondent indicated that this action, entitled *Robert Guadagna v Town of Huntington, and Local 342, Long Island Public Service Employees, United Marine Division, International Longshoreman's Association, AFL-CIO* (hereinafter the action), was ready for trial.

7. On or about July 10, 1991, Justice Lama denied the defendants' motions for summary judgment.

8. On or about February 14, 1992, a note of issue and certificate of readiness was issued in the action.

9. Between and including November 1991 and April 1994, the respondent failed to communicate with Mr. Guadagna or

return his numerous telephone calls and letters in which he requested information about the status of the action.

10. On or about April 6, 1994, Justice Paul Baisley of the Supreme Court, Suffolk County, ordered the respondent to provide the previously demanded medical records and duly executed authorizations to the defendants' counsel. By this order, the trial was scheduled to commence on August 1, 1994.

11. By a letter dated April 15, 1994, Carol MacKenzie, attorney for the Town of Huntington, sent authorizations to the respondent for Mr. Guadagna's signature, pursuant to Judge Baisley's order, and asked the respondent to return them to her.

12. By a letter dated April 26, 1994, Edward J. Hennessey, attorney for Local 342, sent authorizations to the respondent for Mr. Guadagna's signature, pursuant to Judge Baisley's order, and asked the respondent to return them to him.

13. The respondent failed to return executed authorizations to either Ms. MacKenzie or Mr. Hennessey.

14. By a letter to the respondent dated May 13, 1994, Ms. MacKenzie again requested that he return executed authorizations to her.

15. By a letter to the respondent in or about May 1994, Mr. Hennessey also made a second request for the return of executed authorizations.

16. The respondent again failed to return executed authorizations to either Ms. MacKenzie or Mr. Hennessey.

17. Between and including April 1994 and July 1994, the respondent failed to return numerous telephone calls from both Ms. MacKenzie and Mr. Hennessey regarding the status of the authorizations.

18. By an order to show cause dated June 30, 1994, Ms. MacKenzie and Mr. Hennessey moved for an order to compel disclosure of the previously demanded medical records and to impose sanctions upon Mr. Guadagna for willful nondisclosure.

19. The respondent did not oppose the defendants' motion.

20. By an order dated July 22, 1994, Justice H. Patrick Leis, III, Supreme Court, Suffolk County, granted the defendants' motion and precluded Mr. Guadagna from introducing the previously demanded medical reports into evidence at trial unless they were provided to the defendants' counsel no later than July 28, 1994.

21. The respondent failed to return Mr. Guadagna's numerous telephone calls between the end of April 1994 and July 31, 1994, the day before jury selection was scheduled to commence.

22. On August 1, 1994, the respondent and the defendants' counsel appeared before Judge Leis in relation to the action.

23. The respondent refused to permit Mr. Guadagna to enter the courtroom to witness the conference in relation to his legal matter.

24. When asked by Judge Leis if he wished to make a statement with regard to the order of July 22, 1994, the respondent asserted that he had not received the order until July 28, 1994, the day the previously demanded records were to be provided to the defendants' counsel.

25. The respondent admitted to Judge Leis that he had not provided the previously demanded medical records or authorizations to the defendants' counsel.

26. When Judge Leis asked the respondent why he had not done so, the respondent claimed that he had not received the authorizations from the defendants' counsel.

27. The respondent admitted to Judge Leis that he had failed to return Ms. MacKenzie's telephone calls to his office.

28. At the conclusion of this conference, Judge Leis adjourned the action and allowed the defendants' counsel additional time to submit motions to dismiss those causes of action which involved Mr. Guadagna's purported medical disability.

29. On or about September 6, 1994, Mr. Guadagna discharged the respondent as his attorney.

30. On or about September 26, 1994, Mr. Guadagna retained the law firm of Leeds & Morelli to represent him.

31. By an order dated December 20, 1994, Judge Leis denied the defendants' motion to dismiss Mr. Guadagna's action and vacated the order of July 22, 1994, precluding Mr. Guadagna from introducing his medical records into evidence at trial.

32. Judge Leis also ordered the respondent to pay $1,500 to each defendant as a financial sanction.

33. The respondent has failed to pay those sanctions.

The charges allege violations of the following nine provisions of the Code of Professional Responsibility: DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (Charge One); DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]) (Charge Two); DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]) (Charge Three); DR 7-101 (A) (3) (22 NYCRR 1300.32 [a] [3]) (Charge Four); DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) (Charge Five); DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) (Charge Six); DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) (Charge Seven); DR 1-102 (A) (5) (22 NYCRR

1200.3 [a] [5]) (Charge Eight); DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) (Charge Nine).

Based on the evidence adduced, we find that all nine charges were properly sustained. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted, and the respondent's cross motion to disaffirm the report of the Special Referee is denied.

In determining the appropriate measure of discipline to impose, we have considered the medical problems suffered by the respondent's family and the fact that all nine charges emanate from the respondent's representation of one client, which occurred during the same period as that examined in the respondent's prior disciplinary proceeding. However, the respondent has an extensive disciplinary history. In addition to the suspension he is currently serving, the respondent is the recipient of two prior Letters of Admonition. Under the totality of circumstances, the respondent is suspended for an additional two years, to become effective after the completion of his present period of suspension.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, Jeffrey Kaufman, is suspended from the practice of law for a period of two years, commencing upon the completion of his present period of suspension, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey Kaufman, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an at-

torney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.